UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLIAM RAY DUNOMES                          CIVIL ACTION

VERSUS                                       NO. 14-1968

TRINITY MARINE PRODUCTS, INC.                SECTION "F"(2)

## ORDER AND REASONS

Plaintiff, William Ray Dunomes, originally filed this action against his employer,
Trinity Marine Products, Inc., in the Twenty-Second Judicial District Court for the Parish
of St. Tammany, State of Louisiana.  Plaintiff's one-page petition asserts that he and
Trinity are Louisiana residents.  He alleges that his privacy was invaded on two separate
occasions by Trinity supervisors who looked over the top of a bathroom stall while he
was seated on the commode and that Trinity publicized the incidents, causing him public
embarrassment.  Dunomes seeks general damages.  However, in accordance with
Louisiana law, his petition does not specify any amount of damages.  He prays for trial
by jury, "should the amount in controversy so warrant."  Petition for Invasion of Privacy,
Record Doc. No. 1-1.

Trinity removed the petition to this court based exclusively on diversity
jurisdiction.  Defendant states in its notice of removal that it is a citizen of Delaware and
Texas.  It alleges that the amount in controversy exceeds the jurisdictional threshold of
$75,000 because plaintiff's prayer for general damages probably includes, but is not

limited to, "injuries to character or reputation, mental or physical pain and suffering and other losses of lifestyle or enjoyment which cannot be easily quantified." Notice of Removal, Record Doc. No. 1 at p. 4. Dunomes did <u>not</u> move to remand the action to state court.

This matter was referred to a United States Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties. Record Doc. No. 9. At the preliminary conference, I ordered Trinity to

> file a memorandum establishing (a) diverse citizenship, (b) jurisdictional amount, which appears insufficient on the face of the petition, and (c) why an award of costs, expenses and attorneys fees should not be made pursuant to 28 U.S.C. § 1447(c) if the court remands this case to state court. Plaintiff's counsel stated during the conference that he does <u>not</u> want an opportunity to file a reply memorandum.

Record Doc. No. 13 at pp. 1-2. Defendant filed a timely Memorandum in Support of Federal Subject Matter Jurisdiction, supported only by plaintiff's petition. Record Doc. No. 14. Dunomes did not file a reply.

Having considered the petition, the record, the arguments of defendant and the applicable law, and for the following reasons, I find that Trinity has not carried its burden to show that plaintiff's petition seeks more than $75,000 in damages, as required for diversity jurisdiction. Trinity has not asserted and the petition does not reveal any other basis for federal jurisdiction. Accordingly, this court lacks subject matter jurisdiction and the action must be remanded to state court.

Civil actions originally filed in state court may be removed to a federal court that would have original jurisdiction.  28 U.S.C. § 1441(a).  Actions are removable based on diversity jurisdiction when 28 U.S.C.§ 1332(a) is satisfied, which requires (1) complete diversity of citizenship among all properly joined parties and (2) an amount in controversy (exclusive of interest and costs) that exceeds $75,000.  28 U.S.C. § 1441(b).

> "Federal courts are courts of limited jurisdiction."  "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction.

Bourne v. Wal-Mart Stores, Inc., 582 F. Supp. 2d 828, 832 (E.D. Tex. 2008) (citing 28 U.S.C. § 1447(c); Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 571 (2004)) (additional citations omitted) (quoting Rasul v. Bush, 542 U.S. 466, 489 (2004); Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001)) (internal quotations omitted).

The court must examine its jurisdiction whenever jurisdiction appears doubtful. Ashcroft v. Iqbal, 556 U.S. 662, 671 (2009).  "Federal courts 'must raise and decide jurisdictional questions that the parties either overlook or elect not to press.'"  A.I.M. Controls, L.L.C. v. Comm'r, 672 F.3d 390, 392 (5th Cir. 2012) (quoting Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 131 S. Ct. 1197, 1202 (2011)).

3

Trinity asserts in its removal notice and court-ordered memorandum that it is a Delaware corporation with its principal place of business in Texas, making it a citizen of those two states for diversity purposes. Trinity's business records filings with the Louisiana Secretary of State confirm that its domicile address is in Delaware and its principal business office is in Texas.[1] Thus, Trinity is completely diverse from Dunomes, who is a citizen of Louisiana.

To establish diversity jurisdiction, the petition must also assert an amount in controversy in excess of $75,000. Plaintiff's failure to seek remand or to oppose Trinity's jurisdictional memorandum cannot establish this element of jurisdiction.

> Although plaintiff has not objected to removal on this basis, "a party may neither consent to nor waive federal subject matter jurisdiction." "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." To determine whether jurisdiction exists, courts must consider the claim or claims as they existed at the time of removal. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."

Borill v. Centennial Wireless, Inc., 872 F. Supp. 2d 522, 527 (W.D. La. 2012) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999)).

The first sentence of Louisiana Code of Civil Procedure article 893(A)(1) prohibits a plaintiff from pleading a specific amount of monetary damages. Thus, Dunomes's

---

[1] https://coraweb.sos.la.gov/CommercialSearch/CommercialSearchDetails.aspx?CharterID=492980_DFG62 (visited Dec. 11, 2014).

petition does not state any damages amount.  The second sentence of the article is at issue in the instant case.  Article 893(A)(1) provides:

> No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand.  The prayer for relief shall be for such damages as are reasonable in the premises except that <u>if a specific amount of damages is necessary to establish</u> the jurisdiction of the court, the right to a jury trial, <u>the lack of jurisdiction of federal courts due to insufficiency of damages</u>, or for other purposes, <u>a general allegation that the claim</u> exceeds or <u>is less than the requisite amount is required</u>.

La. Code Civ. P. art. 893(A)(1) (emphasis added).  Trinity argues that the emphasized language requires Dunomes to allege in his petition that his damages are insufficient to establish diversity jurisdiction and that his failure to include such a statement "creates a strong presumption in favor of federal court jurisdiction."  Defendant's memorandum, Record Doc. No. 14 at p. 3.  However, the cases that Trinity cites in support are factually distinguishable and the supposed "strong presumption," based on a plaintiff's failure to make a procedural statement under state law, is incorrect in light of established law regarding the limits on federal jurisdiction.

> The analytical framework for evaluating jurisdiction of cases where no monetary amount of damages is asserted (<u>e.g.</u> cases filed in Louisiana state courts), which are removed to federal court on the basis of diversity, is as follows:
>
> > In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  The defendant may make this showing in either of two ways:  (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by

> setting forth facts in controversy–preferably in the removal
> petition, but sometimes by affidavit–that support a finding of
> the requisite amount."

Borill, 872 F. Supp. 2d at 527-28 (quoting Simon, 193 F.3d at 850); accord Davis v. JK

& T Wings, Inc., No. 11-501-BAJ, 2012 WL 278728, at *2 (M.D. La. Jan. 6, 2012),

report & recommendation adopted, 2012 WL 278685 (M.D. La. Jan. 31, 2012) (citing

Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000); Simon, 193 F.3d at

850; Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999)).

Under the facial apparency method, I find that damages in excess of $75,000 are

not facially apparent in the petition.  Dunomes alleges that his privacy was invaded twice

on the same day by two supervisors at Trinity, who separately looked over the top of a

bathroom stall while plaintiff was seated on the commode; that Trinity publicized the

incidents, causing him public embarrassment; and that he suffered general damages.

> Courts have routinely held that pleading general categories of
> damages, such as "pain and suffering, disability, lost wages, loss of earning
> capacity, medical expenses, etc.," without any indication of the amount of
> the damages sought, does not provide sufficient information for the
> removing defendant to meet his burden of proving that the amount in
> controversy is satisfied under the "facially apparent" test.

Id. at *3 (citing Alderdice v. Lowe's Home Centers, Inc., No. 09-406-C, 2010 WL

371027 (M.D. La. 2010); Nelson v. Wal-Mart Stores, Inc., No. 09-0302, 2009 WL

1098905 (W.D. La. 2009), and numerous cases cited therein; Fontenot v. Granite State

Ins. Co., No. 08 CV 1296, 2008 WL 4822283 (W.D. La. 2008); Bonck v. Marriot Hotels,

6

Inc., No. 02-2740, 2002 WL 31890932 (E.D. La. 2002)).  When, as in the instant case, the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, "the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000." Broadway v. Wal-Mart Stores, No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000) (citing Simon, 193 F.3d at 850, 851; Moore v. J.C. Penny, Inc., No. 00-0083, 2000 WL 385516 (E.D. La. Apr. 13, 2000)).  Therefore, even if Dunomes's general damages include "injuries to character or reputation, mental or physical pain and suffering and other losses of lifestyle or enjoyment which cannot be easily quantified," as Trinity posits in its memorandum, it is not facially apparent that the amount of damages exceeds $75,000.

Other federal courts sitting in Louisiana have rejected Trinity's argument that a mere procedural omission in a state court petition is sufficient evidence that a plaintiff's damages meet the jurisdictional amount.  "The plaintiff's omission of the Article 893 allegation [that his damages are insufficient for federal jurisdiction] is not determinative of the amount in controversy." Credeur v. York Claim Serv., No. 13-CV-01367, 2013 WL 4814231, at *5 (W.D. La. Sept. 9, 2013), aff'd, 2013 WL 5935477 (W.D. La. Nov. 4, 2013).  Another magistrate judge in the Western District of Louisiana explained why the omission of an article 893 statement is inadequate to establish diversity jurisdiction, as follows:

Defendant also points out that Plaintiff failed to comply with La. C.C.P. art. 893, which requires a plaintiff to state the amount of damages when necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages. Defendant notes that Plaintiff's petition does not include such a statement, and Defendant states that "this Court has held that the absence of such a statement 'creates a strong presumption' in favor of jurisdiction."

The undersigned has previously rejected this argument. If parties may not create subject-matter jurisdiction by express agreement or stipulation, which is well settled, then the <u>mere inaction of the plaintiff (though perhaps in contradiction of a state procedural law) cannot give rise to presumptive federal jurisdiction or satisfy the removing defendant's burden. There must be allegations of fact or other evidence in the record to support a determination of whether the amount in controversy requirement is met</u>. Mere silence or inaction by the plaintiff, without facts to suggest the requisite amount in controversy, cannot satisfy the defendant's burden. <u>Most Louisiana federal courts have stated that a plaintiff's failure to include an Article 893 allegation, alone, is insufficient to establish the amount in controversy</u>, but the omission is entitled to "some consideration" in the inquiry.

<u>Lee v. Dillon</u>, No. 12-CV-1413, 2012 WL 3263882, at *2 (W.D. La. Aug. 8, 2012) (citing <u>Broussard v. Multi-Chem Group, LLC</u>, No. 6:11-cv-01280, 2012 WL 1492855, at *2 (W.D. La. Mar. 14, 2012); <u>Trahan v. Drury Hotels Co., LLC</u>, No. 11-521, 2011 WL 2470982, at *4 (E.D. La. June 20, 2011); <u>Ford v. State Farm</u>, No. 08-403-JVP-CN, 2009 WL 790150, at *4 (M.D. La. Mar. 28, 2009); <u>Lilly v. Big E Drilling Co.</u>, No. 07-1099, 2007 WL 2407254, at *2 (W.D. La. Aug. 20, 2007)) (emphasis added); <u>see also</u> <u>Nabors Drilling USA, L.P. v. Genex Servs., Inc.</u>, No. 08-0738, 2009 WL 2338041, at *2 n.3 (W.D. La. July 29, 2009) (citing <u>Lilly</u>, 2009 WL 790150); <u>Weber v. Stevenson</u>, No. 07-595-JJB-DLD, 2007 WL 4441261 (M.D. La. Dec. 14, 2007); <u>Berthelot v. Scottsdale Ins.</u>

8

Co., No. 06-9531, 2007 WL 716126 (E.D. La. Mar. 6, 2007)) ("Most rulings issued by the United States District Courts sitting in the State of Louisiana have found the failure to include an Article 893A allegation in the state court petition is not, in and of itself, determinative of the amount in controversy.").

The cases that Trinity cites for an allegedly "strong presumption" regarding the lack of an article 893(A)(1) statement in the petition are not factually on point with the instant case. Defendants in those cases produced evidence beyond the petition under the second, alternative method for establishing the jurisdictional amount. When–as here–it is not facially apparent that plaintiff's damages are likely to exceed $75,000, defendant must produce "'summary-judgment-type evidence'" relevant to the amount in controversy at the time of removal, which establishes the amount by a preponderance of the evidence. Malone v. Scottsdale Ins. Co., No. 12-1508, 2012 WL 6632440, at *3 (E.D. La. Dec. 19, 2012) (quoting Davis, 2012 WL 278728, at *2); accord Bonck, 2002 WL 31890932 at *1 (citing De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995)). Trinity has produced no evidence to carry its burden under this method.

Broadway, one of the cases that Trinity cites, is not on point because defendant and the court in that case relied on plaintiff's answers to interrogatories, which stated that she had suffered several herniated discs and had ongoing physical limitations. The court reviewed cases in which plaintiffs had been awarded damages in excess of $75,000 for

similar injuries.  The court also noted plaintiff's refusal, after filing her motion to remand, to consent to defendant's request that she stipulate that the amount in controversy did not exceed $75,000.  Without making any presumption based on the lack of an article 893 allegation, the court found the evidence sufficient to establish that the amount in controversy exceeded $75,000.  Broadway, 2000 WL 1560167, at *2 (citing Reid v. Delta Gas, Inc., 837 F. Supp. 751, 752-53 (M.D. La. 1993)).

Similarly, the plaintiff in Reid refused to stipulate that his damages were less than the jurisdictional amount, which the court considered along with his deposition testimony and medical evidence to find that his damages most likely exceeded that amount.  Reid, 837 F. Supp. at 752-53.  Dunomes's failure to allege a lack of the jurisdictional amount in his petition is not the same as a refusal to stipulate to that amount.  Trinity has produced no evidence that it asked Dunomes to stipulate that his damages do not exceed $75,000.  Even a refusal to stipulate was not determinative in Broadway and Reid, but was considered in conjunction with other evidence of the jurisdictional amount, which does not exist in the instant case.

Trinity also cites the finding in Malone that plaintiff's omission of any article 893 statement in her state court breach of contract petition "should have alerted Defendant [her homeowner's insurer] to the fact that the matter was removable."  Malone, 2012 WL 6632440, at *3.  However, the Malone court was not reciting a rule of law with this

statement, but was analyzing the facts. The issue in <u>Malone</u> was not whether defendant could show that the jurisdictional amount was met to warrant removal, but whether defendant had timely removed the action after receiving plaintiff's discovery responses, rather than when it received the petition. Malone admitted in her motion to remand based on untimely removal that her damages exceeded $75,000. The court found that her petition sought a sum certain for property damage, plus attorney's fees and double damages as a statutory penalty for bad faith failure to adjust her claim, all of which made it "facially apparent that the matter was removable on the day Defendant was served" because "the amount in controversy clearly exceeds $75,000." <u>Id.</u> at *4. The <u>Malone</u> court's holding regarding what the insurer should have known from the face of that particular petition to effect a timely removal is not on point with the instant case. This court focuses on Trinity's burden to prove that Dunomes's damages meet the jurisdictional amount in the <u>absence</u> of any facial indication that they do.

Finally, Trinity cites <u>Sonnier v. Republic Fire & Cas. Ins. Co.</u>, No. 06-1554, 2006 WL 3924238 (W.D. La. Sept. 11, 2006), in support of defendant's argument that, when a petition omits an article 893 allegation, "plaintiff has, in effect, conceded in his state court pleadings that the requisite jurisdictional amount is in controversy. This creates a 'strong presumption' in favor of jurisdiction." <u>Id.</u> at *1-2 (quoting <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 290 (1938)). However, the Supreme Court's

opinion in <u>St. Paul Mercury</u> does <u>not</u> support the concession and presumption for which <u>Sonnier</u> cited it, and <u>Sonnier</u> cites no other authority for its holding.

In <u>St. Paul Mercury</u>, plaintiff Red Cab Co. filed a breach of contract complaint in state court against its worker's compensation insurer, St. Paul Mercury.  The complaint alleged a specific amount of damages that exceeded the federal jurisdictional minimum.  Defendant removed the action based on diversity.  Red Cab amended its complaint with evidence showing that its damages were less than the jurisdictional minimum, but neither party moved to remand.  After a trial, the district court rendered judgment in Red Cab's favor for damages that were less than the amount stated in the original complaint.  St. Paul Mercury appealed and the appeals court held that the action should have been remanded to state court for lack of jurisdiction.

The Supreme Court reversed, holding that "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."  <u>St. Paul Mercury</u>, 303 U.S. at 289-90.  "And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction" that had vested upon removal.  <u>Id.</u> at 292.

The Court explained that plaintiff could have originally filed its complaint in federal court, where, if it later became clear that the amount of damages was not claimed

in good faith, the court must dismiss the action for lack of jurisdiction.  The Court noted the possibility in a case originally filed in federal court "that plaintiff and defendant have colluded to confer jurisdiction by the method of the one claiming a fictitious[ly high] amount and the other failing to deny the veracity of the averment of amount in controversy.  Upon disclosure of that state of facts the court should dismiss."  Id. at 290.

The Supreme Court distinguished a removed case, in which

> [t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end.  For if such were the purpose suit would not have been instituted in the first instance in the state but in the federal court.  It is highly unlikely that the parties would pursue this roundabout and troublesome method to get into the federal court by removal when by the same device the suit could be instituted in that court.

Id. at 290-91 (footnote omitted) (emphasis added).

The emphasized language in St. Paul Mercury teaches that when a state court petition alleges more than the jurisdictional minimum, a federal court can presume that the amount claimed is in good faith and jurisdiction exists.  "The reason for this rule is that when a plaintiff claims damages sufficient to invoke federal jurisdiction, yet chooses to proceed in state court, there is no danger that the claimed amount has been inflated in order to confer jurisdiction."  Corkern v. Outback Steakhouse of Fla., Inc., No. 05-5487, 2006 WL 285994, at *2 (E.D. La. Feb. 6, 2006).  St. Paul Mercury in no way supports the presumption for which it is cited in Sonnier that plaintiff concedes that his damages

13

exceed the jurisdictional minimum when his petition contains <u>no</u> specific damages allegation.  Rather, if the petition is silent, "the removing defendant must <u>prove by a preponderance of the evidence</u> that the amount in controversy exceeds $75,000." <u>Id.</u> (citing <u>De Aguilar</u>, 47 F.3d at 1412; <u>Simon</u>, 193 F.3d at 859) (emphasis added).

The "strong presumption" in favor of jurisdiction in <u>Sonnier</u> appears to have been created by one former magistrate judge in the Western District of Louisiana and adopted by one district judge in <u>Chambers Med. Found. v. Chambers</u>, No. 2:05 CV 786, 2006 WL 1895479 (W.D. La. Jan. 23, 2006), then repeated by the same magistrate judge in numerous subsequent opinions.  That holding has not been routinely followed, even by other judges in that court.  <u>See</u> <u>Berry v. Swift Leasing Co.</u>, No. 2:07 CV 0807, 2007 WL 4276867, at *2 (W.D. La. Nov. 1, 2007) (rejecting report and recommendation by the same magistrate judge who wrote <u>Chambers Medical Foundation</u> and <u>Sonnier</u> that applied the same "strong presumption;" distinguishing <u>St. Paul Mercury</u> because the law when it was decided "required the plaintiff to allege a specific amount of damages, where in the case at bar, the plaintiff is precluded from making allegations of specific damages by Louisiana law."  "Although the Magistrate Judge cited <u>St. Paul Mercury</u> . . . , neither the plaintiff nor this court found any cases which hold that the [petition's] failure to affirm that the damages sought are below $75,000 makes it facially apparent that the requisite amount is in controversy.").

14

Contrary to the presumption of <u>Sonnier</u>, which is not binding on this district court, it is clear that this court must presume that a removed suit lies outside its limited jurisdiction, unless defendant carries its burden to establish jurisdiction, <u>Howery</u>, 243 F.3d at 916, and "there is a presumption <u>against</u> subject matter jurisdiction that must be rebutted by the removing defendant." <u>Weber</u>, 2007 WL 4441261, at *2 (citing <u>Coury v. Prot</u>, 85 F.3d 244, 248 (5th Cir. 1996)) (emphasis added). As two different judges stated in <u>Lee</u>, 2012 WL 3263882, at *2, and <u>Nabors Drilling</u>, 2009 WL 2338041, at *2 n.3 (and cases cited by both courts), most federal courts in Louisiana have held that a petition's failure to include an article 893 allegation, alone, is insufficient to establish the amount in controversy. I agree. Trinity has not provided any evidence outside the petition to carry its burden to prove the damages amount.

Rather than presuming that Dunomes's silence about damages is a concession that the jurisdictional amount is met, the lack of any article 893 allegation in the petition is more likely explained by his (apparently erroneous) averment that both parties are Louisiana citizens. In that case, article 893(A)(1) does <u>not</u> require Dunomes to negate the federal jurisdictional amount because no diversity of citizenship exists on the face of the petition.

Plaintiff's ambiguous jury demand also supports a finding that his damages are not likely to exceed $75,000. His petition prays for a trial by jury, "should the amount in

15

controversy so warrant."  Petition for Invasion of Privacy, Record Doc. No. 1-1.  To request a jury trial in Louisiana court, plaintiff's damages must be at least $50,000.  La. Code Civ. P. art. 1732.  The second sentence of article 893(A)(1) requires a petition to include a general allegation that the claim exceeds that amount to establish the right to a jury trial.  Dunomes's failure to assert forthrightly in his petition that his damages exceed the threshold for a jury trial and his equivocation about whether the amount warrants a jury makes it doubtful that his damages even exceed $50,000.

Finally, my research has located no tort cases decided under Louisiana law that awarded damages for invasion of privacy higher than $35,000, and that particular case involved a physical invasion of plaintiff's bodily integrity.  Trinity cites one Louisiana case, Verneuil v. Poirier, 589 So. 2d 1202 (La. App. 2d Cir. 1991), in which a jury awarded a hospital employee $75,000 for invasion of privacy after she had surgery in the hospital where she worked and her male supervisor lifted the sheet covering her to view her abdominal incision.  This invasion of privacy is somewhat similar to what Dunomes alleges.  Significantly, as Trinity candidly admits, the appellate court reduced the jury award to $15,000 as "the highest possible award within the discretion of the trial court" when the supervisor's actions had "caused the plaintiff anger and upset.  However, in cases where the plaintiffs suffered far more serious harm, the awards have been substantially lower . . . ."  Id. at 1205 (citing Turner v. State, 494 So. 2d 1292, 1296-97

16

(La. App. 2d Cir. 1986) (reducing award from $8,500 to $4,000 per plaintiff for invasion of privacy by male National Guard recruiter who conducted "unauthorized examination of genitals" of female potential recruits, causing them to suffer embarrassment, but no serious psychological or long-lasting harm)). Verneuil does not support a finding that Dunomes's damages for invasion of privacy would likely exceed $75,000.

In Lugenbuhl v. Dowling, 701 So. 2d 447, 455-56 (La. 1997), the Louisiana Supreme Court held that a state law cause of action exists for "injury to plaintiff's personal dignity and right of privacy" to vindicate a "valuable, although intangible, right, the mere invasion of which constitutes harm for which damages are recoverable." The Supreme Court in that case fixed Lugenbuhl's damages at $5,000 for "shock and mental distress" when he learned that his physician had not followed his express wishes during an operation. Although the doctor had not committed medical malpractice, plaintiff's lack of informed consent to the procedure meant that the doctor had invaded his privacy.

In the fairly recent case of Richard v. Colomb, 916 So. 2d 1122 (La. App. 1st Cir. 2005), the court of appeal affirmed an award of $35,000 to plaintiff as "at the high end of the appropriate range" of damages "for the invasion of privacy and deprivation of her right to determine whether she should undergo an unnecessary procedure performed solely for an educational purpose," when a surgeon took "a stitch on otherwise healthy fatty tissue solely for the purpose of practicing his technique" after plaintiff's operative

procedure was finished.  Id. at 1130.  This invasion of bodily privacy was certainly more

egregious than the purely visual invasions and publication of an embarrassing incident

of which Duonomes complains.  Richard indicates that a likely damages award for

Dunomes would not exceed $35,000.

Accordingly, I find that Trinity's assertion that plaintiff's damages exceed the

jurisdictional amount is unsupported by either the facial allegations of the petition, any

summary-judgment-type evidence or prior damages awards in Louisiana cases.  In light

of the well-established requirements to construe jurisdictional statutes strictly and resolve

ambiguities in favor of remand, I find that diversity jurisdiction is lacking and this matter

must be remanded to state court.

**IT IS ORDERED** that this matter is **REMANDED** to the Twenty-Second Judicial

District Court for the Parish of St. Tammany.  The Clerk must effectuate the remand as

soon as possible.

New Orleans, Louisiana, this ___19th___ day of December, 2014.

                        JOSEPH C. WILKINSON, JR.
                      UNITED STATES MAGISTRATE JUDGE

18